MICHAEL B. MARGOLIS, ESQ.  SBN: 087785
LINDA M. TOUTANT, ESQ.  SBN: 158866
MARGOLIS & MORIN LLP
444 South Flower Street, 6th Floor
Los Angeles, CA 90071
Telephone: (213) 683-0300
Fax: (213) 683-0303
margolis@winlaw.com
toutant@winlaw.com
Attorneys for Defendants CHOWDER HOUSE, INC. dba HUNGRY I; DÉJÀ VU - SAN FRANCISCO LLC dba CENTERFOLDS; SAN FRANCISCO ROARING 20'S LLC dba ROARING 20'S; SAN FRANCISCO GARDEN OF EDEN LLC dba GARDEN OF EDEN; and SAW ENTERTAINMENT LTD. dba LARRY FLINT'S HUSTLER CLUB

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| KIMBERLY JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DÉJÀ VU, INC., et al.,<br><br>Defendants. | Case No. C-05-0997 BZ<br><br>**DECLARATION OF LINDA M. TOUTANT IN SUPPORT OF JOINT MOTION TO DISMISS DEFENDANTS <u>DÉJÀ VU - SAN FRANCISCO LLC, SAN FRANCISCO ROARING 20'S LLC AND SAN FRANCISCO GARDEN OF EDEN LLC</u> ON GROUNDS OF <u>RES JUDICATA</u> AND ABSENTION; AND IN THE ALTERNATIVE, TO COMPEL ARBITRATION OF ALL CLAIMS BETWEEN DÉJÀ VU SAN FRANCISCO LLC AND ROE 7**<br><br>[Complete List Of Moving Papers:<br>1. Notice of Motion and Motion;<br>2. Memorandum of Points and Authorities;<br>3. Declaration of Linda M. Toutant;<br>4. Request for Judicial Notice; and<br>5. [Proposed] Order]<br><br>**Date:** June 29, 2005<br>**Time:** 10:00 a.m.<br>**Dept:** G |

DECL. OF LINDA M. TOUTANT IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS ON GROUNDS OF RES JUDICATA AND ABSENTION, ETC.

Jones, et al. v. Déjà Vu, et al., Case No. C-05-0997 BZ

# DECLARATION OF LINDA M. TOUTANT

I, Linda M. Toutant, declare:

1. I am an attorney licensed to practice before this Court and am an associate with the law firm of Margolis & Morin LLP, counsel of record for Defendants Déjà Vu San Francisco LLC, San Francisco Roaring 20's LLC and San Francisco Garden of Eden LLC ("Defendants").

2. I make this Declaration in support of the Defendants' Motion to Dismiss all claims against them on grounds of Res Judicata and/or Abstention, and in the alternative, to compel arbitration of disputes between Déjà Vu San Francisco LLC and Plaintiff Roe 7.

3. I have reviewed the files in San Francisco Superior Court Consolidated Case No. 99-305470, which include the Declaration of Edith Thomas, a true and correct copy of which is attached to the Request for Judicial Notice as Exh. F. That Declaration establishes that there were a total of 14 valid opt outs acknowledged by the Court in San Francisco Superior Court Consolidated Case No. 99-305470, 12 of which were directed to Defendant Déjà Vu San Francisco LLC, 7 to Defendant San Francisco Roaring 20's LLC and 3 to Defendant San Francisco Garden of Eden LLC. I have reviewed the opt out forms filed in Consolidated Case No. 99-305470. None of the opt out forms were submitted by any identified Plaintiff in this case.

4. Attached hereto as Exh. A, collectively are true and correct redacted copies of multiple agreements signed by Plaintiff Roe 7 on March 13, 2002, February 18, 2003, and August 12, 2004.

5. Attached hereto as Exh. B is a true and correct copy of my correspondence to Plaintiff's counsel dated May 17, 2005, wherein I requested that Roe 7 agree to arbitrate and to stipulate to the authenticity of documents attached hereto as Exh. A. To date no stipulation has been reached.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct of my own personal knowledge, and that if called upon to do so I would competently testify to the facts stated herein, and that I executed this Declaration on May 20, 2005 at Los Angeles, California.

Linda M. Toutant

1

DECL. OF LINDA M. TOUTANT IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS ON GROUNDS OF RES JUDICATA AND ABSENTION, ETC.

Jones, et al. v. Déjà Vu, et al., Case No. C-05-0997 BZ

**EXHIBIT "A"**

# DEJÀ VU – SAN FRANCISCO, LLC
## PERFORMER CONTRACT

THIS IS A LEGAL DOCUMENT. DO NOT SIGN UNLESS YOU UNDERSTAND IT.

WHEREAS: Déjà Vu-San Francisco, LLC owns a business premise which is unique due to zoning and/or licensing which allows it to be used to offer live nude or semi-nude entertainment to the adult public. Performer wants to market private dance entertainment on Owners' unique premises.

WHEREAS: Performer and Owner desire to share in the profit generated by patrons purchasing private dance services marketed and performed by Performer at Owners' valuable and unique premises.

THEREFORE, Performer and Owner agree as follows:

TERMS OF THE CONTRACT

This Contract begins today and ends 90 days from the signing, or when terminated by either party.

1. Marketing Private Dance Services: Performer agrees to:

A. Use her skills and artistic talents to market and perform private dance services to club patrons for a set and mandatory service fee;

B. Perform nude or semi-nude entertainment as permitted by law;

C. Possess permits as required by law;

D. Be knowledgeable about and avoid violating any laws, rules or regulations.

2. Assignment: Performer offers her personal skill and artistic talents. Performer may not assign her rights or obligations under this Contract.

3. Non-Exclusive: Performer's obligations are non-exclusive; she is free to perform at other businesses.

4. Performance: Performer retains exclusive control over the character, manner and means of her performances, so long as no law is violated.

5. Intellectual Property: Performer shall retain all intellectual property rights to her performances, stage names and likeness unless assigned in writing.

6. Costumes: Performer retains exclusive control over costumes provided they comply with applicable laws.

7. Nature of Business: Performer recognizes that the entertainment on the premises may subject Performer to nudity, sexually explicit language and depictions of explicit conduct. Performer represents that she does not find such sights or sounds offensive.

8. Mandatory Service Fees for Private Dances. The parties agree that patrons will be charged a mandatory service fee for each private dance marketed and performed by Performer. The mandatory service fee shall be posted and announced. The parties agree that this is a fee for the private dance service rendered, and is not a "tip" or gratuity.

9. Tips or gratuities. Performer agrees not to charge a patron more than the mandatory service fee for private dances. However, any amounts voluntarily given by a patron to performer which are over and above the mandatory service fee for private dances is a "tip" and is the sole property of performer.

10. Performer's Obligations.

A. Performance Dates. Performer agrees to perform a minimum of 4 performance dates per week during this contract, for 8 hours on each such date.

B. Private Dances. Performer agrees to market and perform a minimum of 17 private dances during each performance date and to spend at least fifty percent of each performance date marketing private dances.

C. Promotions. Performer agrees to appear in all club "blue light" or "mystery" dances held during her performance date.

D. Scheduling: Performer agrees to schedule her performances at least one week in advance. On each scheduled performance date, Performer promises to arrive on time and complete her full performance date as scheduled.

E. Property and Safety. Performer agrees to avoid damaging owners' property, and to comply with all safety and legal requirements.

11. COMPENSATION: Club shall share with Performer a fifty (50%) per-cent commission on those Mandatory Dance Services marketed and performed by Performer over and above the minimum number of Private Dances set forth in Paragraph 10B above. Club shall share with Performer such commissions at the end of each performance date.

1 x IP 

12. OWNER'S OBLIGATIONS:

A. Premises/Licenses: Owner agrees to maintain the premises and all applicable licenses and permits and incur all costs associated therewith.

B. Advertising: Owner agrees to advertise in a commercially reasonable manner for the mutual benefit of the parties, and to incur all costs associated therewith.

C. Dance Records: Owner will keep an accurate tally of private dances marketed and performed by Performer.

D. Mandatory Fees for Private Dances: Owner will post and announce mandatory service fees for private dance services such that patrons are notified of the mandatory fee for private dance services.

E. Privacy Rights: Owner will not disclose Performer's personal information to any third party without written permission, unless required by law.

13. No Employment Relationship:

THE PARTIES DISAVOW AN EMPLOYMENT RELATIONSHIP, AND AGREE THAT OWNER WILL NOT REIMBURSE BUSINESS EXPENSES OR PROVIDE ANY EMPLOYEE-RELATED BENEFITS.

The parties agree that if they were "employer and employee", Owner would retain as its sole property all mandatory private dance service fees, and pay Performer the legal minimum wage and any other benefits required by law.

14. Unjust Enrichment: If Performer claims, or a court or agency deems Performer to be an employee entitled to wages during any period of this Contract, then Performer agrees to return to Owner all mandatory private dance fees she retained under the terms of this Contract during such period.

Owner: Deja Vu San Fran. Center Folds
ADDRESS 391 Broadway St
City S.F. CA zip 94133
BY: Isobel Perry
Signature
Its: Entertainment Director

DATE: 3/13/02

91701est/revsfo

15. Material Breach/Notice: In the event of a Material Breach, the non-breaching party may terminate this Contract UPON 24 hours NOTICE to the other.

Breach of this contract on two consecutive scheduled performance dates is grounds for termination of this Contract.

16. Termination/Notice Required: Either party may terminate this contract on 3 days notice to the other.

17. Severability: Any unenforceable portion of this Contract, to the extent possible, shall be severable from this Contract as a whole.

18. Arbitration: Any dispute, whether statutory, contractual or tort, arising out of this Contract or Performer's performances, shall be decided by binding Arbitration under the Federal Arbitration Act and in conformity with the procedures of the California Arbitration Act. Such Arbitration shall be before a neutral arbitrator who shall be permitted to award any relief available in a Court, including fees and costs to the prevailing party. Any award may be entered in any court having jurisdiction.

19. ANY CLAIMS MUST BE BROUGHT WITHIN 6 MONTHS. The parties agree to commence any action relating to this contract within 6 months and to waive any statute of limitation to the contrary.

20. LEGAL AGE: THIS CONTRACT IS VOID IF PERFORMER IS NOT OF LEGAL AGE 18/21. PERFORMER REPRESENTS THAT SHE IS OF LAWFUL AGE, AND HAS PROVIDED VALID IDENTIFICATION VERIFYING HER AGE.

PERFORMER REPRESENTS AS FOLLOWS:
"SHE HAS FULLY READ THIS CONTRACT;
"SHE HAD AN OPPORTUNITY
HER LAWYER REVIEW

Performer's Name
Signature

Stage name
Address
City
Phone #
Social
Licens. #

Date:

2

# CLUB/PERFORMER CONTRACT

THIS IS A LEGAL DOCUMENT. DO NOT SIGN UNLESS YOU UNDERSTAND IT.

WHEREAS: Deja Vu- SF, LLC owns a business premise which is unique due to zoning and/or licensing which allows it to be used to offer live nude or semi-nude entertainment to the adult public.

WHEREAS: Performer wants to market private dance entertainment on Owners' unique premises.

WHEREAS: Performer and Owner desire to share in the proceeds generated by patrons purchasing private dance services marketed by Performer at Owners' valuable and unique premises.

Performer and Owner agree as follows:

TERMS OF THE CONTRACT

This Contract begins today and ends January 1, 2004, or when terminated by either party with appropriate notice.

1. Collection Box. The parties agree that patrons will pay mandatory private dance fees by depositing them into the dance fee collection box issued by Owner. Amounts over and above the mandatory fee are "tips" and are the performer's sole property.

2. Marketing Private Dance Services: Performer agrees to:

A. Use her skills and artistic talents to market and perform private dance services to club patrons for a set and mandatory service fee;

B. Perform nude and semi-nude entertainment as permitted by law;

C. Possess permits as required by law;

D. Be knowledgeable about and avoid violating any laws, rules or regulations.

3. Assignment: Performer offers her personal skill and artistic talents. Performer may not assign her rights or obligations under this Contract, except to a qualified and approved substitute.

4. Non-Exclusive: Performer's obligations are non-exclusive; she is free to perform at other businesses.

5. Performance: Performer retains exclusive control over the character, manner and means of her performances, so long as no law is violated.

6. Intellectual Property: Performer shall retain all intellectual property rights to her performances, stage names and likeness unless assigned in writing.

7. Costumes: Performer retains exclusive control over costumes provided they comply with applicable laws.

8. Nature of Business: Performer recognizes that the entertainment on the premises may subject Performer to nudity, sexually explicit language and depictions of explicit conduct. Performer represents that she does not find such sights or sounds offensive.

9. Mandatory Service Fees for Private Dances. The parties agree that patrons will be charged a mandatory service fee for each private dance marketed and performed by Performer. The mandatory service fee shall be posted and announced, and deposited into the dance fee collection box. The parties agree that this is a fee for the private dance service rendered, and is not a "tip" or gratuity.

10. Tips or gratuities. Performer agrees not to charge a patron more than the mandatory service fee for private dances. However, any amounts voluntarily given by a patron to Performer which are over and above the mandatory service fee for private dances is a "tip" and is the sole property of Performer.

11. Performer's Obligations.

A. Performance Dates. Performer agrees to perform a minimum of __4__ performance dates per week during this contract, for __8__ hours on each such date.

B. Minimum Private Dances. Performer agrees to market and perform a minimum of __12__ private dances during each performance date. The proceeds from the mandatory dance fees fee paid by the patron for these minimums shall be the exclusive property of the Owner.

C. Appear on Stage and in Promotions. Performer agrees to appear on stage a minimum of __3__ times per performance date, and to appear in club promotional dances held during her performance date.

D. Scheduling: Performer agrees to schedule her performances at least one week in advance. On each scheduled performance date, Performer promises to arrive on time and complete her full performance date as scheduled.

E. Property and Safety. Performer agrees to avoid damaging owners' property, and to comply with all safety and legal

1

requirements.

> 12. CONTRACT FEE: Club shall pay Performer fifty percent (50%) of the proceeds from the Mandatory Dance Fees collected by Performer which exceed the minimum number of Private Dances set forth in Paragraph 11B above. Performer shall be paid this fee at the end of each performance date and such payment will be based on dance counts.

13. OWNER'S OBLIGATIONS:

A. Premises/Licenses: Owner agrees to maintain the premises and all applicable licenses and permits and incur all costs associated therewith.

B. Advertising: Owner agrees to advertise in a commercially reasonable manner for the mutual benefit of the parties, and to incur all costs associated therewith.

C. Dance Records: Owner will keep an accurate tally of private dances marketed and performed by Performer.

D. Mandatory Fees for Private Dances: Owner will post and announce mandatory service fees for private dance services such that patrons are notified of the mandatory fee for private dance services.

E. Privacy Rights: Owner will not disclose Performer's personal information to any third party without written permission, unless required by law.

14. No Employment, Joint Venture or Partnership Relationship:

THE PARTIES DISAVOW AN EMPLOYMENT RELATIONSHIP, AND AGREE THAT OWNER WILL NOT REIMBURSE BUSINESS EXPENSES OR PROVIDE ANY EMPLOYEE-RELATED BENEFITS.

The parties agree that if they were "employer and employee", Owner would retain as its sole property all mandatory private dance service fees, and pay Performer the legal minimum wage and any other benefits required by law.

15. Unjust Enrichment: In the event any court or agency deems Performer to be an employee entitled to wages during any period of this Contract, then Performer shall account for all mandatory private dance fees she retained under the terms of this Contract during such period, and return to, or credit, owner for such amounts.

16. Material Breach/Notice: In the event of a Material Breach, the non-breaching party may terminate this Contract UPON 24 hours NOTICE to the other. Breach of this contract on two consecutive scheduled performance dates is grounds for termination of this Contract.

17. Voluntary Termination/Notice: Either party may terminate this Contract on 3 days notice, for any or no reason.

18. Severability: Any unenforceable portion of this Contract, to the extent possible, shall be severable from this Contract as a whole.

19. Arbitration: Any dispute, whether statutory, contractual or tort, arising out of this Contract or Performer's performances, shall be decided by binding Arbitration under the Federal Arbitration Act and in conformity with the procedures of the California Arbitration Act. Such Arbitration shall be before a neutral arbitrator who shall be permitted to award any relief available in a Court, including fees and costs to the prevailing party. Any award may be entered in any court having jurisdiction.

20. Waiver of Statute of Limitations. ANY CLAIMS MUST BE BROUGHT WITHIN 6 MONTHS. The parties agree to commence any action relating to this Contract within 6 months and to waive any statute of limitation to the contrary.

21. LEGAL AGE: THIS CONTRACT IS VOID IF PERFORMER IS NOT OF LEGAL AGE 18/21. PERFORMER REPRESENTS THAT SHE IS OF LAWFUL AGE, AND HAS PROVIDED VALID IDENTIFICATION VERIFYING HER AGE.

PERFORMER REPRESENTS AS F___ ___:
*SHE HAS FULLY READ THI_ ___TRACT;
*SHE HAD AN OPPORTUN_ _ HA_
HER LAWYER REVIEW   CON__ .

Owner: Deja Vu SF LLC
ADDRESS: 391 Broadway St.
City: SF  CA  Zip 94133
BY: Isabel Perry
Signature
Its: Entertainment Director

DATE: _____

Performer's Name
Signature

Stage name
Address
City
Phone #
Social
Licen_ _rmit

Date: 2-__,03

Sfo11603

2

# CLUB/PERFORMER CONTRACT

THIS IS A LEGAL DOCUMENT. DO NOT SIGN UNLESS YOU UNDERSTAND IT.

WHEREAS DejaVuSF LLC owns a business premise which is unique due to zoning and/or licensing which allows it to be used to offer live nude or semi-nude entertainment to the adult public.

WHEREAS: Performer wants to market private dance entertainment on Owners' unique premises.

WHEREAS: Performer and Owner desire to share in the proceeds generated by patrons purchasing private dance services marketed by Performer at Owners' valuable and unique premises.

Performer and Owner agree as follows:

TERMS OF THE CONTRACT

This Contract begins today and ends one year from the signing, or when terminated by proper notice by either party.

1. **Collection Box.** The parties agree that patrons will pay mandatory private dance fees by depositing them into the dance fee collection box issued by Owner. Amounts over and above the mandatory fee are "tips" and are the performer's sole property.

2. **Marketing Private Dance Services:** Performer agrees to:

   A. Use her skills and artistic talents to market and perform private dance services to club patrons for a set and mandatory service fee;

   B. Perform nude and semi-nude entertainment as permitted by law;

   C. Possess permits as required by law;

   D. Be knowledgeable about and avoid violating any laws, rules or regulations.

3. **Assignment:** Performer offers her personal skill and artistic talents. Performer may not assign her rights or obligations under this Contract, except to a qualified and approved substitute.

4. **Non-Exclusive:** Performer's obligations are non-exclusive; she is free to perform at other businesses.

5. **Performance:** Performer retains exclusive control over the character, manner and means of her performances, so long as no law is violated.

6. **Intellectual Property:** Performer shall retain all intellectual property rights to her performances, stage names and likeness unless assigned in writing.

7. **Costumes:** Performer retains exclusive control over costumes provided they comply with applicable laws.

8. **Nature of Business:** Performer recognizes that the entertainment on the premises may subject Performer to nudity, sexually explicit language and depictions of explicit conduct. Performer represents that she does not find such sights or sounds offensive.

9. **Mandatory Service Fees for Private Dances.** The parties agree that patrons will be charged a mandatory service fee for each private dance marketed and performed by Performer. The mandatory service fee shall be posted and announced, and deposited into the dance fee collection box. The parties agree that this is a fee for the private dance service rendered, and is not a "tip" or gratuity.

10. **Tips or gratuities.** Performer agrees not to charge a patron more than the mandatory service fee for private dances. However, any amounts voluntarily given by a patron to Performer which are over and above the mandatory service fee for private dances is a "tip" and is the sole property of Performer.

11. **Performer's Obligations.**

    A. **Performance Dates.** Performer agrees to perform a minimum of _4_ performance dates per week during this contract, for _8_ hours on each such date.

    B. **Minimum Private Dances.** Performer agrees to market and perform a minimum of _12_ private dances during each performance date. The proceeds from the mandatory dance fees fee paid by the patron for these minimums shall be the exclusive property of the Owner.

    C. **Appear on Stage and in Promotions.** Performer agrees to appear on stage a minimum of _3_ times per performance date, and to appear in club promotional dances held during her performance date.

    D. **Scheduling:** Performer agrees to schedule her performances at least one week in advance. On each scheduled performance date, Performer promises to arrive on time and complete her full performance date as scheduled.

    E. **Property and Safety.** Performer agrees to avoid damaging owners' property, and to comply with all safety and legal

Initial Page: _____    Date Page: 6-12-04

_Redacted_

requirements.

> **12. CONTRACT FEE:** Club shall pay Performer fifty percent (50%) of the proceeds from the Mandatory Dance Fees collected by Performer which exceed the minimum number of Private Dances set forth in Paragraph 11B above. Performer shall be paid this fee at the end of each performance date and such payment will be based on dance counts.

**13. OWNER'S OBLIGATIONS:**

A. **Premises/Licenses:** Owner agrees to maintain the premises and all applicable licenses and permits and incur all costs associated therewith.

B. **Advertising:** Owner agrees to advertise in a commercially reasonable manner for the mutual benefit of the parties, and to incur all costs associated therewith.

C. **Dance Records:** Owner will keep an accurate tally of private dances marketed and performed by Performer.

D. **Mandatory Fees for Private Dances:** Owner will post and announce mandatory service fees for private dance services such that patrons are notified of the mandatory fee for private dance services.

E. **Privacy Rights:** Owner will not disclose Performer's personal information to any third party without written permission, unless required by law.

**14. No Employment, Joint Venture or Partnership Relationship:**

THE PARTIES DISAVOW AN EMPLOYMENT RELATIONSHIP, AND AGREE THAT OWNER WILL NOT REIMBURSE BUSINESS EXPENSES OR PROVIDE ANY EMPLOYEE-RELATED BENEFITS.

The parties agree that if they were "employer and employee", Owner would retain as its sole property all mandatory private dance service fees, and pay Performer the legal minimum wage and any other benefits required by law.

**15. Unjust Enrichment:** In the event any court or agency deems Performer to be an employee entitled to wages during any period of this Contract, then Performer shall account for all mandatory private dance fees she retained under the terms of this Contract during such period, and return to, or credit, owner for such amounts.

**16. Material Breach/Notice:** In the event of a Material Breach, the non-breaching party may terminate this Contract UPON 24 hours NOTICE to the other. Breach of this contract on two consecutive scheduled performance dates is grounds for termination of this Contract.

**17. Voluntary Termination/Notice:** Either party may terminate this Contract on 3 days notice, for any or no reason.

**18. Severability:** Any unenforceable portion of this Contract, to the extent possible, shall be severable from this Contract as a whole.

**19. Arbitration:** Any dispute, whether statutory, contractual or tort, arising out of this Contract or Performer's performances, shall be decided by binding Arbitration under the Federal Arbitration Act and in conformity with the procedures of the California Arbitration Act. Such Arbitration shall be before a neutral arbitrator who shall be permitted to award any relief available in a Court, including fees and costs to the prevailing party. Any award may be entered in any court having jurisdiction.

**20. Waiver of Statute of Limitations.** ANY CLAIMS MUST BE BROUGHT WITHIN 6 MONTHS. The parties agree to commence any action relating to this Contract within 6 months and to waive any statute of limitation to the contrary.

**21. LEGAL AGE:** THIS CONTRACT IS VOID IF PERFORMER IS NOT OF LEGAL AGE 18/21. PERFORMER REPRESENTS THAT SHE IS OF LAWFUL AGE, AND HAS PROVIDED VALID IDENTIFICATION VERIFYING HER AGE.

PERFORMER REPRESENTS AS FOLLOWS
* SHE HAS FULLY READ THIS CO_
* SHE HAD AN OPPORTUNITY _
  HER LAWYER REVIEW T_

Performer's Name _____
Signature _____

Stage name _____
Address _____
City _____ zip _____
Phone # _____
Social Security _____
License/Permit # _____

Date: _____

Owner: Deja Vu SF, LLC
ADDRESS 391 Broadway
City San Fran  Zip CA 94133
BY: Isabel Destri
Signature _____
Its: Entertainment Director

DATE: 8-12-04

Sfo11603

2

# TO ALL ENTERTAINERS
# OFFER OF EMPLOYMENT STATUS

The Club has been sued by a few dancers who claim they want employee status, and do not want to perform under the Dancer Performer Lease.

***If you wish to become an "EXCLUSIVE DEJA VU EMPLOYEE-ENTERTAINER" of this club, you may do so IMMEDIATELY.*** Our offer for employment is as follows:

(1) After completing all employee forms, you will be placed on the Club's payroll;
(2) Your Dancer Performance Lease will be terminated;
(3) You will not pay lease fees or rents to the club;
(4) You will be assessed contract damages;
(5) **You will be paid $8.00 per hour for every hour you work at the club;**
(6) You will be paid by check on a bi-weekly basis, with all required tax withholdings;
(7) **The Club will collect all dance fees on private dances;**
(8) You will be paid Commissions on all private dances as follows:
    (A) 50% of each dance fee after the first ten (10) dances (except for specialty dances where the Club gives a promotional item to the patron);
    (B) 25% of each specialty dance fee;
(9) **Commissions will be paid bi-weekly;**
(10) You will continue to be entitled to **retain all gratuities ("tips")** given to you (gratuities are the amount given to you by patrons while you are on stage, or amounts voluntarily given to you by patrons over the posted dance fee);
(11) **There will be a ten (10) dance per shift and seven (7) drink per shift quota:**
(12) Quotas will be calculated based on weekly (not daily) totals;
(13) You will be required to **perform dance services for any customer** who request to purchase a dance, and perform in club promotions;
(14) You will **be required to report all tips** to the club at the end of each shift, as required by federal tip reporting rules;
(15) The Club will assign you hours of work for any shifts available, but will consider request for full time, part time, night or day shift.
(16) You will be required to **arrive at work consistent with your scheduled time;**
(17) You will **required to clock in and out,** including for all meals and breaks,
(18) You will not be permitted to work overtime or to be on schedule for more than 8 hours, unless directed by management,
(19) The club will issue you one customer per month, at its own expense;
(20) You will be entitled to one week of paid vacation per year, which begins accruing in the 13th month of full time employment;
(21) Like all other club employees, including management, you will be an "at will" employee, which means you can be terminated with or without cause, as defined by applicable law.
(22) Nude and semi-nude entertainment is performed at this club; you must affirm
    ○ a willingness to perform nude and semi-nude entertainment
    ○ that you are not offended by viewing others who are nude or semi-nude
    ○ that you fully understand that you will be performing nude or semi-nude
    ○ you fully understand that you may be exposed to sexual comment

THIS OFFER DOES NOT CONSTITUTE AN EMPLOYMENT CONTRACT. THESE ARE MERELY GUIDELINES AND ARE SUBJECT TO CHANGE AT MANAGEMENT DISCRETION. MANAGEMENT RESERVES ALL ITS RIGHTS TO DIRECT AND CONTROL EMPLOYEES AS PERMITTED BY LAW.

PLEASE NOTIFY THE MANAGER IMMEDIATELY IF YOU WOULD LIKE TO TERMINATE YOUR DANCER PERFORMANCE LEASE AND BECOME AN "EMPLOYEE ENTERTAINER". IF YOU DO NOT WISH TO BECOME AN "EMPLOYEE" YOU MAY CONTINUE PERFORMING AT THE CLUB PURSUANT TO YOUR DANCER PERFORMANCE LEASE.

IMPORTANT NOTE: THE CLUB'S MANAGERS HAVE <u>NO OPINION</u> ON THIS MATTER, AND THEY WILL NOT ENCOURAGE OR DISCOURAGE YOUR DECISION. IT IS YOUR FREE CHOICE. YOU MAY WISH TO CONSULT YOUR ATTORNEY OR ACCOUNTANT PRIOR TO MAKING YOUR DECISION.

| I have read the Offer to Entertainers and accept. Please provide me with the employee Forms immediately. | I have read the Offer to Entertainers. I CHOOSE TO Decline the offer. |
|---|---|
| _____ | _____Redacted_____ |
| DATE:_____ | 3-12-02 |

# TO ALL ENTERTAINERS
# OFFER OF EMPLOYMENT STATUS

The Club has been sued by a few dancers who claim they want employee status. *If you wish to become an "EXCLUSIVE EMPLOYEE" of this club, you may do so IMMEDIATELY.* Our offer for employment is as follows:

(1) After completing all employee forms, you will be placed on the Club's payroll;
(2) Your performance contract will be terminated;
(3) Your position will require you to sell and perform private dance services;
(4) You will be paid $8.00 per hour for every hour you work at the club;
(6) You will be paid by check on a bi-weekly basis, with all required tax withholdings;
(7) The Club will collect all dance fees on private dances;
(8) You will be paid Commissions on all private dances as follows:
    (A) 50% of each dance fee after the first ten (10) dances (except for specialty dances where the Club gives a promotional item to the patron);
    (B) 25% of each speciality dance fee;
(9) Commissions will be paid bi-weekly;
(10) You will continue to be entitled to retain all gratuities ("tips") given to you (gratuities are the amounts given to you by patrons while you are on stage, or amounts voluntarily given to you by patrons over and above the posted dance fee);
(11) There will be a ten (10) dance per shift and seven (7) drink per shift quota;
(12) Quotas will be calculated based on weekly (not daily) totals;
(13) You will be required to perform dance services for any customer who requests to purchase a dance, and perform in club promotions;
(14) You will be required to report all tips to the club at the end of each shift, as required by federal tip reporting rules;
(15) The Club will assign you hours of work for any shifts available, but will consider requests for full time, part time, night or day shift.
(16) You will be required to arrive at work consistent with your scheduled time;
(17) You will be required to clock in and out, including for all meals and breaks;
(18) You will not be permitted to work overtime or permitted to be on schedule for more than 8 hours, unless directed by management;
(19) The club will issue you one costume per month, at its own expense;
(20) You will be entitled to one week of paid vacation per year, which begins accruing in the 13th month of full time employment;
(21) Like all other club employees, including management, you will be an "at will" employee, which means you can be terminated with or without cause, as defined by applicable law.
(22) Nude and semi-nude entertainment is performed at this club; you must affirm
    * a willingness to perform nude and semi-nude entertainment
    * that you are not offended by viewing others who are nude or semi-nude;
    * that you fully understand that you will be performing nude or semi-nude
    * you fully understand that you may be exposed to sexual comment

THIS OFFER DOES NOT CONSTITUTE AN EMPLOYMENT CONTRACT. THESE ARE MERELY GUIDELINES AND ARE SUBJECT TO CHANGE AT MANAGEMENT DISCRETION. MANAGEMENT RESERVES ALL ITS RIGHTS TO DIRECT AND CONTROL EMPLOYEES AS PERMITTED BY LAW. **PLEASE NOTIFY THE MANAGER IMMEDIATELY IF YOU WOULD LIKE TO TERMINATE YOUR DANCER PERFORMANCE LEASE AND BECOME AN 'EMPLOYEE ENTERTAINER". IF YOU DO NOT WISH TO BECOME AN "EMPLOYEE" YOU MAY CONTINUE PERFORMING AT THE CLUB PURSUANT TO YOUR CONTRACT.**

**IMPORTANT NOTE: THE CLUB'S MANAGERS HAVE <u>NO OPINION</u> ON THIS MATTER, AND THEY WILL NOT ENCOURAGE OR DISCOURAGE YOUR DECISION. IT IS YOUR FREE CHOICE. YOU MAY WISH TO CONSULT YOUR ATTORNEY OR ACCOUNTANT PRIOR TO MAKING YOUR DECISION.**

I have read the Offer to Entertainers and accept. Please provide me with the employee Forms immediately.

_____

DATE: 2·18-03

I have read the Offer to Entertainers. I CHOOSE TO Decline the offer.

_[Redacted signature]_

_[Redacted]_

offer.91902

## TO ALL ENTERTAINERS
## "OFFER OF EMPLOYMENT STATUS"

You have been offered a Contract to perform at this business on an independent contractor basis, whereby you will be entitled to choose schedules and customers for whom you will perform, and contractually share in revenues collected from customers. Alternatively, if you wish to become an "EXCLUSIVE EMPLOYEE of this club, you may do so as follows:

(1) After completing all employee forms, you will be placed on the Club's payroll;
(2) Any performance contract in place will be terminated;
(3) Your position will require you to sell and perform private dance services;
(4) You will be paid $8.50 per hour for every hour you work at the club;
(5) You will be paid by check on a bi-weekly basis, with all required tax withholdings;
(6) The Club will collect and own all mandatory dance fees for private dances;
(8) You retain all gratuities ("tips") given to you over and above the posted dance fee;
(9) There will be a 10 dance per shift sales quota
(10) Quotas will be calculated based on weekly (not daily) totals;
(11) You will be required to perform dance services for any customer who requests to purchase a dance, and perform in club promotions;
(12) You will be required to report all tips to the club at the end of each shift;
(13) The Club will assign you hours of work for any shifts available;
(14) You will be required to clock in and out, including for all meals and breaks;
(15) You will not be permitted to work more than 8 hours a day/40 hours week;
(16) The club will issue you one costume per month, at its own expense;
(17) One week of paid vacation per year will begin accruing in the 13th month of full time employment;
(18) You will be an "at will" employee, meaning you can be terminated with or without cause;
(19) Nude and semi-nude entertainment is performed at this club; you must affirm:
   a) a willingness to perform nude and semi-nude entertainment
   b) that you are not offended by viewing others who are nude or semi-nude;
   c) that you fully understand that you will be performing nude or semi-nude
   d) that you fully understand that you may be exposed to sexual comment

THIS OFFER DOES NOT CONSTITUTE AN EMPLOYMENT CONTRACT. THESE ARE MERELY GUIDELINES AND ARE SUBJECT TO CHANGE AT MANAGEMENT DISCRETION. MANAGEMENT RESERVES ALL ITS RIGHTS TO DIRECT AND CONTROL EMPLOYEES AS PERMITTED BY LAW. **IMPORTANT NOTE:** THE CLUB'S MANAGERS HAVE **NO OPINION** ON THIS MATTER; THEY WILL NOT ENCOURAGE OR DISCOURAGE YOUR DECISION. IT IS YOUR CHOICE. YOU MAY WISH TO CONSULT YOUR ATTORNEY OR ACCOUNTANT PRIOR TO MAKING YOUR DECISION.

I have read the Offer to Entertainers and accept. Please provide me with the employee Forms immediately.

_____
Entertainer's Signature

*Isabella Perry*
San Francisco Entertainment Director

8·12·04

I have read the Offer to Entertainers. I CHOOSE To Decline the offer.

_Redacted_
Entertainer's Signature

Redacted

8-12-04

**EXHIBIT "B"**

# MARGOLIS & MORIN LLP

ATTORNEYS AT LAW

SAN DIEGO
750 B STREET
SUITE 3300
SAN DIEGO, CA 92101
Telephone (619) 685-1625
Fax (619) 685-1626

LOS ANGELES
444 SOUTH FLOWER STREET
SIXTH FLOOR
LOS ANGELES, CA 90071
Telephone (213) 683-0300
Fax (213) 683-0303
www.winlaw.com

SAN FRANCISCO
111 PINE STREET
SUITE 1315
SAN FRANCISCO, CA 94111
Telephone (415) 986-2144
Fax (415) 986-4461

Writer's Direct Dial
(213) 243-6370

May 17, 2005

By Fax: (415) 474-7108

Gregory S. Walston
Williams Walston LLP
225 Bush Street, 16th Floor
San Francisco, CA 94104

    Re:    Jones, et al. v. Déjà Vu, Inc., et al.
             USDC Case No. C-05-0997 BZ

## ATTACHMENTS SUBJECT TO COURT-ORDERED PROTECTION; FOR ATTORNEYS EYES ONLY

Dear Mr. Walston:

    Yesterday I forwarded various arbitration agreements signed by Plaintiffs Roes 1, 2 and 5 and agreeing to arbitrate with Defendant Chowder House, Inc. I asked that you respond to Chowder's arbitration demand by days end. I have yet to hear from you.

    Today I forward additional arbitration agreements signed by Plaintiffs Roes 3, 4 and 6 which agree to arbitrate with Defendant SAW Entertainment Ltd. I also enclose agreements signed by Plaintiff Roe 7 agreeing to arbitrate with Defendant Déjà Vu San Francisco LLC. Relative to these contracts as well, Defendants demand that Plaintiffs comply with their arbitration agreements and dismiss their claims against these Defendants in the above-referenced litigation.

    Finally, given the Court's May 4, 2005 Protective Order, I ask that you stipulate to the authenticity and admissibility of each of the "Attorneys Eyes Only" arbitration agreements forwarded to you today and yesterday so that they might be presented to the Court in support of Defendants' various anticipated motions to compel arbitration.

LGW_50517

## MARGOLIS & MORIN LLP
ATTORNEYS AT LAW

Gregory S. Walston
May 17, 2005
Re: Jones, et al. v. Déjà Vu, Inc., et al.
Page 2

Thank you for your immediate responses to the foregoing.

Very truly yours,

Linda Toutant

LMT:mmf
Enclosure(s)

cc: Doug Melton, Esq. (by fax 415-397-6392; w/o enclosures)
    Edith S. Thomas, Esq. (by fax 760 728-9518; w/o enclosures)
    Michael B. Margolis, Esq. (w/o enclosures)