UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JONES,<br><br>       Plaintiff(s),<br><br>  v.<br><br>DEJA VU, INC., et al.,<br><br>       Defendant(s). | No. C 05-0997 BZ<br><br>**ORDER ON MOTIONS OF DEFENDANTS CHOWDER HOUSE, INC. AND SAW ENTERTAINMENT, LTD. TO COMPEL ARBITRATION** |

Defendants Chowder House, Inc. dba Hungry I and SAW Entertainment, Ltd. dba Larry Flynt's Hustler Club have moved to compel arbitration of all claims of plaintiffs Kimberly Jones, and Jane Roes One through Six.[1] Plaintiffs, current and former dancers at various of defendants' clubs, assert on behalf of themselves and others similarly situated, nineteen causes of action, which fall into three distinct groups. The first five are brought by those plaintiffs who allege they own a club that

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

is subject to various unfair and anticompetitive acts committed by defendants. A second group of claims alleges that defendants engage in a variety of unlawful employment practices. A third group accuses defendants of racial discrimination. Defendants' motions are granted in part, and denied in part for the following reasons:

1.  The arbitration provision is procedurally unconscionable.[2] See Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003). It was drafted by the party with a superior bargaining position; offered on essentially a take-it-or-leave-it basis; and provided without a meaningful opportunity to opt out of the arbitration provision. See id. at 1172-73. The "Offer of Employment Status" does not provide a meaningful opportunity to opt out of the arbitration provision in the "Performer Contract." It offers little more than minimum wage to performers. It requires dancers "to perform dances for any customer who requests to purchase a dance," which appears coercive given the nature of the performance. The undisputed evidence is that managers "told" plaintiffs to reject the "Offer of Employment" and sign the "Performer Contract."

Unlike Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198 (9th Cir. 2002), and Circuit City Stores, Inc. v. Najd, 294 F.3d (9th Cir. 2002), on which defendants rely,

---

[2] While other provisions in the "Performer Contracts" signed by various plaintiffs differ, the arbitration provisions are identical.

2

plaintiffs were not presented with an opportunity to sign a "Performer Contract" while opting out of the arbitration provision.

2. The arbitration provision is not substantively unconscionable. In California, "unconscionability has both a procedural and a substantive element, the former focusing on undue oppression or surprise due to unequal bargaining power, the latter on overly-harsh or one-sided results." Armendariz v. Foundation Health Psychare Svcs., Inc., 24 Cal. 4th 83, 114 (2000) (citing A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486-87 (1982)) (internal quotation marks omitted). To invalidate a contract on grounds of unconscionability, both procedural and substantive unconscionability must be present, although not necessarily to the same degree. Id. (citing Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1997)). The provision requires both parties to arbitrate their disputes before a neutral arbitrator who is permitted to award any relief available in Court, including fees and costs to the prevailing party.[3] The arbitration provision does not provide for a filing fee; nor does it contain a cost-splitting provision. Compare Ingle, 328 F.3d at 1177-78.

The provision shortening the statute of limitations to

---

[3] While plaintiffs also refer to an unequal "loser pays" term, they do not specify the provision to which they object. The arbitration provision permits the arbitrator to award "any relief available in Court, including fees and costs to the prevailing party." See Barton Decl., Ex. A. This court cannot assume the arbitrator will award attorney's fees to a prevailing party where such relief is not available in court.

1  six months is unconscionable, at least as it applies to
2  plaintiffs' claims under the Fair Labor Standards Act
3  ("FLSA"), 29 U.S.C. § 201 *et seq.*  Congress enacted the
4  FLSA with its own statute of limitations - two-years unless
5  the violation is willful, in which case it expands to three
6  years.  See 29 U.S.C. § 255.  "This two-tiered statute of
7  limitations makes it obvious that Congress intended to draw
8  a significant distinction between ordinary violations and
9  willful violations [of the FLSA]."  Veliz v. Cintas Corp.,
10 No. C 03-1180 SBA, 2004 WL 2452851, at *20 (N.D. Cal. April
11 5, 2004) (quoting McLaughlin v. Richland Show Co., 486 U.S.
12 128, 132 (1988)) (internal quotation marks omitted).  Given
13 the unequal bargaining power between the parties, I find
14 this one-sided effort to dramatically alter the statutory
15 scheme devised by Congress to be unconscionable.  See id.
16 at *21; see also Ingle, 328 F.3d at 1175.[4]

17     The ban on class actions in the agreements between
18 plaintiffs Kimberly Jones, Roe One, Roe Two, and Roe Five
19 and defendant Chowder House is unconscionable. ("Performer
20 waives her right to pursue class action status.")  The
21 provision lacks a modicum of bilaterality because it
22 applies unilaterally to "performers."  See Ingle, 328 F.3d
23 at 1175-76; Ting v. AT&T, 319 F.3d 1126, 1150 (9th Cir.
24 2003).  The class action ban is also contrary to the public

---

[4] This provision would not be unconscionable if it only shortened the limitations period from one year (wrongful termination) to six months.  See Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1044 (9th Cir. 2001).

4

1  policy underlying class actions as a procedural device for
2  resolving certain types of suits.  <u>Ingle</u>, 328 F.3d at 1175;
3  <u>see</u> <u>also</u> <u>Deposit Guar. Nat'l Bank v. Roper</u>, 445 U.S. 326,
4  338-39 (1980); <u>Discover Bank v. Superior Court of Los</u>
5  <u>Angeles</u>, No S113725, 2005 WL 1500866, at *16 (Cal. June 27,
6  2005).  Defendants have not even attempted to justify it.
7       The provision allowing either party to terminate the
8  contract with three days notice is not unconscionable, as
9  it is bilateral.
10 3.  The unconscionable provisions should be severed from
11 the arbitration provision.  A court has discretion to sever
12 unconscionable provisions.  <u>See</u> Cal. Civ. Code § 1670.5;
13 <u>Armendariz</u>, 24 Cal. 4th at 121-22.  Severance is
14 appropriate where the unconscionable provisions are
15 collateral to the main purpose of the contract.  <u>See</u>
16 <u>Circuit City Stores, Inc. v. Mantor</u>, 335 F.3d 1101, 1109
17 (9th Cir. 2003) (citing <u>Armendariz</u>, 24 Cal. 4th at 124);
18 <u>Little v. Auto Stiegler, Inc.</u>, 29 Cal. 4th 1064, 1074-75
19 (2003).  "If the offending provision can be excised from
20 the contract . . . then the remainder of the contract can
21 be enforced."  <u>Mercuro v. Superior Court</u>, 96 Cal. App. 4th
22 167, 184 (2002).  The contracts at issue also provide that
23 any unenforceable provisions may be severed.  I find that
24 the unconscionable provisions shortening the statute of
25 limitations and prohibiting class actions are collateral to
26 the main purpose of the parties' contracts and do not so
27 pervade the entirety of the contracts as to render the
28

1  contracts unenforceable.  See McManus v. CIBC World Markets
2  Corp., 109 Cal. App. 4th 76, 101-02 (2003); Fittante v.
3  Palm Springs Motors, Inc., 105 Cal. App. 4th 708, 727
4  (2003).
5  4.   Plaintiffs erroneously contend that they should not be
6  compelled to arbitrate claims that arose during those
7  periods when the contracts containing the arbitration
8  provision had either not yet been signed or had lapsed.[5]
9  Where an arbitration provision does not contain a temporal
10 limitation, the parties may be compelled to arbitrate
11 despite the fact that the challenged conduct predates the
12 signing of the agreement.  See Smith/Enron Cogeneration
13 Ltd. P'ship. v. Smith Cogeneration Int'l, Inc., 198 F.3d
14 88, 99 (2d Cir. 1999); Ryan Beck & Co. LLC v. Fakih, 268 F.
15 Supp. 2d 210, 224 n.28 (E.D.N.Y. 2003).  Likewise, a
16 "party's contractual duty to arbitrate disputes may survive
17 termination of the agreement giving rise to that duty." See
18 Ajida Technologies, Inc. v. Roos Instruments, Inc., 87 Cal.
19 App. 4th 534, 545-46 (2001); see also Cal. Civ. P. Code §
20 1280(f); Luden's Inc. v. Local Union No.6, 28 F.3d 347, 356
21 (3rd Cir. 1994); Kropfelder v. Snap-on Tools Corp., 859 F.
22 Supp. 952, 955 (D. Md. 1994); 2 Williston on Contracts §
23 6:42 (4th ed. 2004) ("When a contract of employment for a
24 definite time has been made, and the employees services are

---

[5] Some of the Roe plaintiffs had not yet signed contracts when they began working for defendants, and in some cases, when the contracts expired, several months lapsed before a new contract was signed.

continued after the expiration of the definite time without objection, the inference is ordinarily that the parties have assented to another contract for a term of the same length with the same salary and the same conditions of service.").

The arbitration provision provides, "Any dispute whether statutory, contractual or tort, arising out of this Contract or Performer's performances, shall be decided by binding Arbitration."  Plaintiffs' sixth through nineteenth claims arise out of either the contracts or the performer's performances.  The arbitration provision also provides that it is to be interpreted "in conformity with the California Arbitration Act," pursuant to which written agreements to arbitrate may be "extended or renewed by an oral or implied agreement."  See Cal. Civ. P. Code § 1280(f).  The plaintiffs implicitly extended or renewed the arbitration provision by continuing to perform at the defendant clubs.  I therefore find that the arbitration provision applies to plaintiffs' sixth through nineteenth claims.

5.   Defendants' motions to compel arbitration of plaintiffs' first through fifth claims are denied.[6]  These claims are brought by those plaintiffs who own a club that

---

[6]   Plaintiffs' first through fifth claims are as follows:  unfair business practices under section 17200 of the California Business and Professions Code (first claim); unfair competition under the Sherman Act, 15 U.S.C. §§ 1, 2 (second claim); tortious interference with economic relations (third claim); negligent interference with economic relations (fourth claim); and violation of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 (fifth claim).

competes with defendants, and challenge defendants' alleged unfair competition practices.  They do not arise out of the contracts or the performer's performances, and therefore are not subject to the arbitration provision.

    For the foregoing reasons, defendants' motions for an order compelling arbitration of all claims of Kimberly Jones, and Jane Roes One through Six are granted in part and denied in part.  Defendants' motions are granted with respect to plaintiffs' sixth through nineteenth claims, except that the provisions shortening the statute of limitations and prohibiting class actions are severed.  These claims are stayed pending their resolution in arbitration.  The parties must notify the court within ten days of the arbitrator's decision.  Defendants' motions are denied as to plaintiffs' first through fifth claims.

Dated:  June 30, 2005

                                  /s/Bernard Zimmerman
                                Bernard Zimmerman
                      United States Magistrate Judge

G:\BZALL\-BZCASES\DEJA VU\COMPEL4.wpd