UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY JONES,<br><br>      Plaintiff(s),<br><br>  v.<br><br>DEJA VU, INC., et al.,<br><br>      Defendant(s). | No. C 05-0997 BZ<br><br>**ORDER WITH RESPECT TO ROE 7** |

Before the court is a motion to dismiss three defendants on grounds of res judicata and abstention, and in the alternative, to compel Roe 7 to arbitrate her claims.

As I understand the motion to dismiss or abstain, its essence is that as part of a settlement reached in <u>Seifred v. Centerfolds</u>, and other consolidated cases, pending in San Francisco Superior Court, all dancers employed at Centerfolds, Roaring 20's, and Garden of Eden agreed that for a three year period commencing with the effective date of the settlement, which appears to be February 21, 2004, the defendants would treat the dancers as independent

1

```
 1  contractors.  Since in this lawsuit plaintiffs are claiming
 2  that defendants are not treating them as independent
 3  contractors but as employees while not providing them with
 4  an employee's federal and state labor code rights,
 5  defendants argue those claims are either barred by the
 6  settlement agreement or should be resolved by the state
 7  court which retained jurisdiction to enforce the
 8  settlement.  Roe 7 is the only named plaintiff who is a
 9  member of the Seifred settlement class.
10       During argument, the moving defendants agreed that the
11  better procedure would be for the court to first consider
12  the motion to arbitrate, since if their dispute with Roe 7
13  is arbitrable, the other issues should be resolved in that
14  forum.  Counsel for plaintiff advised that Roe 7 had no
15  interest in the court abstaining so she could raise her
16  claims before the state court with jurisdiction to enforce
17  the settlement.  Accordingly, I will first consider the
18  motion to compel arbitration.
19       The arbitration provision in the Performer Contracts
20  entered into by Roe 7 and Déjà Vu San Francisco, LLC is
21  identical to the arbitration provision in the Performer
22  Contracts at issue in my June 30, 2005 Order on the motions
23  of defendants' Chowder House, Inc. and SAW Entertainment,
24  Ltd. to compel arbitration.  The other provisions are, in
25  pertinent part, substantively similar, with the exception
26  that Roe 7's Performer Contracts contain no class action
27  ban.  For the reasons stated in my June 30, 2005 Order, **IT
28  IS ORDERED** that the motion to compel Roe 7 to arbitrate her
```

claims is **GRANTED**, with the exception that the provision shortening the statute of limitations is severed.  The motion to dismiss on grounds of res judicata and abstention is **DENIED** without prejudice to being renewed in arbitration.

Dated:   July 1, 2005

/s/ Bernard Zimmerman
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DEJA VU\Roe7bz.wpd

3