UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIMBERLY JONES, | ) | |
| Plaintiff(s), | ) | No. C 05-0997 BZ |
| v. | ) | **ORDER ON DEFENDANTS' MOTION TO DISMISS "SUBCLASS ONE" CAUSES OF ACTION** |
| DEJA VU, INC., et al., | ) | |
| Defendant(s). | ) | |

Now before me is defendants' motion to dismiss plaintiffs' second claim for unfair competition under the Sherman Act, 15 U.S.C. §§ 1, 2; third claim for tortious interference with economic relations; fourth claim for negligent interference with economic relations; and fifth claim for violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[1]

Plaintiffs are eight exotic female dancers who have

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c). Defendants have filed several other motions in this case, on which I have separately ruled.

1

brought this action on behalf of themselves and other similarly situated dancers who provide, or provided, nude and semi-nude live performances at various adult nightclubs in San Francisco (the "Plaintiff Class").  Plaintiffs' second through fifth claims relate to an alleged Plaintiff Subclass One which consists of those members of the Plaintiff Class who are, or have been during the relevant period, owners of the Lusty Lady, a San Francisco nightclub that allegedly competes with defendants.

Defendants motion to dismiss plaintiffs' second claim for violations of section 1 and 2 of the Sherman Act is **DENIED**. Section 1 of the Sherman Act prohibits agreements that unreasonably restrain trade.  See 15 U.S.C. § 1.  To state a claim under section 1, a plaintiff must allege:  "(1) that there was a contract, combination or conspiracy; (2) that the agreement unreasonably restrained trade under either the per se or rule of reason analysis; and (3) that the restraint affected interstate commerce."  Tanaka v. University of Southern Cal., 252 F.3d 1059, 1062 (9th Cir. 2001) (citations and internal quotation marks omitted); Bhan v. NME Hospitals Inc., 929 F.2d 1404, 1410 (9th Cir. 1991).

Defendants erroneously contend that plaintiffs have failed to allege the existence of a contract, combination or conspiracy.  Plaintiffs allege that defendants are through illegal means, "concertedly restricting and diminishing legitimate business trade and commerce of its competitors . . . in an attempt to unreasonably restrain trade."  First Amended Compl. ("FAC") ¶ 99.  The complaint also contains

2

relatively detailed allegations concerning those facts that underlie defendants' concerted efforts to restrict competition. See e.g., FAC ¶¶ 39-50.

Defendants' contention that plaintiffs have failed to sufficiently define the relevant market also lacks merit. A plaintiff bears the initial burden of establishing that the restraint produces significant anticompetitive effects within the relevant product and geographic markets. Tanaka, 252 F.3d at 1063. "The geographic market extends to the 'area of effective competition' . . . where buyers can turn for alternative sources of supply." Id. "The product market includes the pool of goods or services that enjoy reasonable interchangeability of use and cross-elasticity of demand." Id. (citations omitted).

The complaint alleges that defendants have restrained competition within "the regional San Francisco area – which is specifically defined as comprising San Francisco County, Alameda County, Marin County, Sonoma County, Contra Costa County, and San Mateo County." FAC ¶ 44, 99. It further alleges that the relevant product market is "nude and semi-nude dancing." FAC ¶ 41. While defendants may disagree with the plaintiffs' characterization of the relevant market based on the facts presented in their motion, these issues are not properly raised on a motion to dismiss. See Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993).

In their reply, defendants' raise several additional challenges to plaintiffs' Sherman Act claims, which are untimely. See Lentini v. California Center for the Arts,

3

1  Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004) ("We decline
2  to consider new issues raised for the first time in a reply
3  brief."); Gold v. Wolpert, 876 F.2d 1327, 1331 n.6 (7th Cir.
4  1989) ("It is well settled that new arguments cannot be made
5  for the first time in reply."); Schwartz v. Upper Deck Co.,
6  183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted
7  that raising of new issues and submission of new facts in [a]
8  reply brief is improper.") (citing Provenz v. Miller, 102 F.3d
9  1478, 1483 (9th Cir. 1996)).  In any event, plaintiffs' have
10 sufficiently alleged that defendants engaged in a number of
11 anticompetitive acts, which decreased lawfully-operated clubs'
12 ability to compete in the marketplace.  See SmileCare Dental
13 Group v. Delta Dental Plan of California, Inc., 88 F.3d 780,
14 783 (9th Cir. 1996); see e.g., FAC ¶¶ 88, 100-101.
15      Defendants' motion to dismiss plaintiffs' third cause of
16 action for tortious interference with economic relations, or
17 intentional interference with prospective economic advantage,
18 is **GRANTED** with leave to amend.  To state a claim for
19 intentional interference prospective economic advantage, a
20 plaintiff must allege:  (1) the existence of a valid contract
21 or some other economic relationship between the plaintiff and
22 a third party containing a probability of future economic
23 benefit to the plaintiff; (2) defendant's knowledge of the
24 existence of the relationship; (3) intentional acts on the
25 part of the defendants designed to disrupt the relationship;
26 (4) actual disruption of the relationship; and (5) damages to
27 the plaintiff proximately caused by defendants' acts.  Blank
28 v. Kirwin, 39 Cal. 3d 311, 330 (1985); see also Pardi v.

4

1 | Kaiser Found. Hosp., 389 F.3d 840, 852 (9th Cir. 2004).
2 | Defendants contend that plaintiffs have failed to sufficiently
3 | allege the existence of a contract or some other economic
4 | relationship between plaintiff and a third party containing a
5 | probability of future economic benefit.  At the hearing,
6 | plaintiffs contended that defendants allegedly interfered with
7 | plaintiffs' economic relationship with their customers.  While
8 | this can be inferred from the complaint, it is not clearly
9 | alleged.  In repleading their complaint, plaintiffs should
10 | clarify the economic relationship with which defendants
11 | allegedly interfered.
12 |     Defendants' motion to dismiss plaintiffs fourth claim for
13 | negligent interference with prospective economic advantage is
14 | **GRANTED** with leave to amend.  Plaintiffs' have failed to
15 | sufficiently allege that defendants' owed them a duty of care.
16 | See J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 803 (1979).
17 |     Defendants' motion to dismiss plaintiffs' fifth claim for
18 | violation of RICO, 18 U.S.C. § 1961 *et seq.*, is **GRANTED** with
19 | leave to amend.  Plaintiffs broadly allege on information and
20 | belief that defendants "conspired to, and engaged in, a
21 | racketeering scheme, which included numerous illegal acts
22 | including prostitution and unlawful employment agreements."
23 | FAC ¶ 111.  To carry out this scheme defendants allegedly
24 | "conspired to, and did transmit wire communications in
25 | interstate commerce via telephone calls in violation of 18
26 | U.S.C. §§ 371, 1343 and 1346."  FAC ¶ 115.  At the hearing,
27 | plaintiffs conceded that they had not alleged that defendants
28 |

5

violated a particular subsection of RICO.[2]  Plaintiffs also clarified that they intended to predicate their RICO claims on violations of the Travel Act, yet this is not alleged.  See 18 U.S.C. § 1952.

A RICO claim predicated on acts of fraud must be pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004); Tate v. Pacific Gas & Elec. Co., 230 F. Supp. 2d 1072, 1084 (N.D. Cal. 2002).  This requires the plaintiff to particularize the "time place, and manner of each act of fraud, plus the role of each defendant in the scheme."  Tate, 230 F. Supp. 2d at 1084 (quoting Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991)).  Plaintiffs are granted leave to amend the complaint to state with particularity those portions of their RICO claim that are predicated on acts of fraud.  If plaintiffs intend to rely on other predicate acts to support their RICO claim, they should so allege in their complaint.  While defendants raise a host of other issues with respect to plaintiffs' RICO allegations, I need not address each of them in light of the fact that I have granted plaintiffs leave to amend.

---

[2]  18 U.S.C. § 1962 lists four separate acts which form the basis for RICO liability: "(a) to invest income derived from a pattern of racketeering activity in an enterprise; (b) to acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) to conduct the affairs of an enterprise through a pattern of racketeering activity; or (d) to conspire to commit any of the above acts."  See Diaz v. Gates, 354 F.3d 1169, 1172 (9th Cir. 2004) (citing 18 U.S.C. § 1962(a)-(d)).

6

1    For the foregoing reasons, **IT IS HEREBY ORDERED** that
2 defendants' motion to dismiss plaintiffs' second through fifth
3 claims is granted in part, and denied in part.  Defendants'
4 motion is **DENIED** with respect to plaintiffs' second claim, and
5 **GRANTED** with leave to amend with respect to plaintiffs' third
6 through fifth claims.  Plaintiffs must amend their complaint
7 by **July 25, 2005.**  In amending, plaintiffs should consider the
8 concerns expressed at the hearing as to whether the proper
9 party plaintiff is before the court.

10 Dated:  July 6, 2005

12                      Bernard Zimmerman
                United States Magistrate Judge

G:\BZALL\-BZCASES\DEJA VU\MTD4.wpd

7